IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JEREMY MATTHEW JEFFERS,

          Plaintiff,

v.                                              CIVIL ACTION NO. 3:22-0268

C.O. MICHAEL ALBRIGHT, individually and in his official capacity;
C.O. ANDREW GRAM, individually and in his official capacity;
C.O. WILLIAM REED, individually and in his official capacity;
C.O. DESTINY BUSH, individually and in his official capacity;
C.O. STALLONE POMEROY, individually and in his official capacity;
C.O. MICHAEL YORK, individually and in his official capacity;
C.O. JOHN DOES I-IX, individually and in their official capacity; and
JOHN DOE X, unknown person or persons,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Michael Albright, Andrew Gram, William Reed, Destiny Bush, Stallone Pomeroy, and Michael York's Motion to Dismiss Plaintiff Jeremy Matthew Jeffers' Amended Complaint. ECF No. 32. Upon review and for the following reasons, the Court **GRANTS, in part,** and **DENIES, in part,** Defendants' motion.

**I.
PROCEDURAL AND
FACTUAL BACKGROUND**

This action arises from allegations by Plaintiff that he was brutally beaten by correctional officers while he was a pretrial detainee at the Western Regional Jail (WRJ). On February 28, 2023, this Court entered a Memorandum Opinion and Order granting a Motion to Dismiss by Administrator Carl Aldridge and the West Virginia Division of Corrections and Rehabilitation (WVDCR), which dismissed all Plaintiff's claims against these two Defendants,

including his claims of *respondeat superior* and vicarious liability and his claim of negligent hiring, training, retention, and supervision.[1] *Jeffers v. Aldridge*, Civ. Act. No. 3:22-0268, 2023 WL 2266140 (S.D. W. Va. Feb. 28, 2023). At that time, the only remaining Defendants in the original Complaint were Correctional Officers John Does I-IX and John Doe X.[2] Thereafter, Plaintiff filed an Amended Complaint naming the current individual correctional officers as Defendants, while also retaining the John Doe Defendants. Plaintiff asserts all the newly named individual Defendants were employed as correctional officers at the WRJ. *Am. Compl.* ¶6, ECF No. 20.

In his Amended Complaint, Plaintiff alleges that, on or about March 28-29, 2022, he was abused and subjected to cruel and unusual punishment by the named and John Doe Defendants. *Id.* ¶¶2, 12. Specifically, Plaintiff claims an unknown individual escorted him to the restroom in the booking section of the jail and, while in the process of doing so, this individual chastised and made fun of him and, for no reason, directed him to dress in a suicide prevention suit. *Id.* ¶2. Before reaching the holding cell, Plaintiff states he was handcuffed behind his back "and without provocation from Plaintiff, this Defendant and the other known and unknown individual Defendants tripped and/or pushed [him] to the deck where [he] landed face first." *Id.* Plaintiff asserts he was on the deck for about ten minutes and, during that time, "the known and unknown individual Defendants constantly and consistently beat, kicked, battered and, on several

---

[1] The remainder of the claims against Defendants Aldridge and WVDCR were dismissed by the Court because Plaintiff represented he was voluntarily dismissing them. *Id*.

[2] Plaintiff also had named several individual correctional officers in his original Complaint. However, he did not serve them, and he stated that he did not intend to pursue this matter against them. Therefore, the Court entered an Order on October 17, 2022, dismissing them as parties for failure to serve.

occasions, slammed Plaintiff's face on the deck causing serious permanent injuries and scarring." *Id.* According to Plaintiff, the individual Defendants berated him and "call[ed] him disparaging names and order[ed] him to say derogatory comments about himself." *Id.* Thereafter, he was placed in the holding cell. *Id*. He further claims he was threatened with "further punishment, physical abuse, loss of privileges and related punishment, all of which the individual Defendants were capable of pursuing and implementing and all of which Plaintiff believed." *Id*. ¶8.

Plaintiff also claims that these types of attacks on inmates are common at the WRJ, but they go unreported and unpunished. *Id.* ¶4. Plaintiff asserts "various WRJ personal, possibly including the John Doe Defendants I-IX and possibly including all individual Defendants" have conspired to conceal such misconduct. *Id.* ¶4(d). Plaintiff then more definitely states that, while he was at the WRJ, "the individual Defendants, including Defendant(s) John Doe(s) I-IX and John Doe X, conspired with, aided and abetted, acted as a lookout, served as an accessory before and after the fact and acted as a principal with regard to the misconduct of the individual Defendants." *Id.* ¶6.

In their motion, the individual Defendants seek to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In his Response, Plaintiff states that he agrees with the majority of Defendants' motion, but opposes the motion to the extent they seek to dismiss some of his claims. Defendants insist, however, that all Plaintiff's claims against them must be dismissed.

## II.
## STANDARD OF REVIEW

Pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), courts must look for "plausibility" in the complaint. 550 U.S. at 556-57. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level[.]" *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id*.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

### III.
### DISCUSSION

Although Plaintiff agrees that several of his claims cannot survive Defendants' Motion to Dismiss, he argues that the Court should not dismiss his claims under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution and his West Virginia State tort law claims for (1) harassment, (2) civil battery, (3) civil assault, (4) intentional infliction of emotional distress, (5) outrageous and atrocious conduct, and (6) civil conspiracy. On the other hand, Defendants insist they must be dismissed. In considering the parties' arguments, the Court finds instructive its earlier decision in *Wood v. Harshbarger*, Civ. Act. No. 3:13-21079, 2013 WL 5603243 (S.D. W. Va. Oct. 11, 2013).

Like here, *Wood* was an action brought by an inmate who claimed he was beaten by correctional officers at the WRJ. *Id*. at *1. The plaintiff in *Wood* was represented by the same counsel representing Mr. Jeffers in this case, and many of the causes of action in *Wood* are

identical to those at issue here. Beginning with Plaintiff's harassment claim, this Court stated in *Wood* that harassment "do[es] not appear to exist as [a] stand-alone claim[] in West Virginia tort law. These words appear in descriptions of employment discrimination or sexual harassment claims, but Plaintiff has not asserted such claims." *Id.* at *7 (footnote omitted); *see also Ballinger v. Ballard*, Civ. Act. No. 2:08-917, 2008 WL 4487662, at *3 (S.D. W. Va. Oct. 6, 2008) ("A guard's verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest."). Thus, the Court in *Wood* dismissed the claim. *Id.* As Plaintiff's harassment claim in this case similarly is not a stand-alone claim, the Court also **GRANTS** the motion to have it dismissed.

Turning next to the remainder of Plaintiff's civil claims that is, battery, assault, intentional infliction of emotional distress, outrageous and atrocious conduct, and conspiracy, Defendants argue they too must be dismissed because Plaintiff has failed to plead sufficient facts to support them. For example, Defendants point out that Plaintiff merely lists each claim in paragraph 33 of the Amended Complaint, without identifying or including any factual allegations within that paragraph to support those specific claims. Thus, Defendants argue they "are left only to speculate as to what action they each took which lead to these causes of action." *Defs.' Reply to Mot. to Dismiss*, 3, ECF No. 37. Although the Court agrees that the Amended Complaint is not a model of clarity and does not allege claims with the precision Defendants desire, Plaintiff did set forth his factual allegations earlier in the Complaint and, when read as a whole, the Court finds it sufficiently complies with the notice pleading requirement of Rule 8 to escape dismissal.

With regard to Plaintiff's battery and assault claims, this Court recognized in *Wood* that, under West Virginia law, "[a]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." 2013 WL 5603243, at *7 (internal quotations and citations omitted). Likewise, "[a]n actor is subject to liability to another for assault if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." *Id*. at *8 (internal quotation marks and citation omitted). Here, Plaintiff has alleged he was brutally beaten and assaulted by the known and unknown Defendants. As in *Wood*, the Court finds these allegations are sufficient to draw a reasonable inference that Defendants are liable for both civil battery and assault. *See id.* at **7-8.

Likewise, the Court finds Plaintiff's claims for intentional infliction of emotional distress (IIED) and outrageous and atrocious conduct, which in West Virginia are a read together as a single claim,[3] survive. To prove this claim under West Virginia law, a plaintiff must show:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

---

[3]*See Zsigray v. Langman*, 842 S.E.2d 716, 727 (W. Va. 2020) (stating the circuit court correctly treated the plaintiff's "allegations of outrage and intentional infliction of emotional distress as a single claim" (footnote omitted)).

Syl. Pt. 3, *Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419 (W. Va. 1998). Certainly, Plaintiff's allegations that he was left with permanent injuries and scars from Defendants' unprovoked beating is sufficient to state an IIED claim. Thus, similar to this Court's holding in *Wood*, the Court denies Defendants' motion to dismiss the IIED claim. However, to the extent Plaintiff is attempting to assert a separate claim of outrageous and atrocious conduct, the Court dismisses the claim as duplicative of the IIED claim. *See Wood*, 2008 WL 4487662, at *9 (denying dismissal of the plaintiff's IIED claim, but dismissing his outrageous and atrocious conduct claim as duplicative).

Lastly, turning to Plaintiff's civil conspiracy claim, the West Virginia Supreme Court held in Syllabus Point 8 of *Dunn v. Rockwell*, 689 S.E.2d 255 (W. Va. 2009), that "[a] civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means. The cause of action is not created by the conspiracy but by the wrongful acts done by the defendants to the injury of the plaintiff." Syl. Pt. 8, *Dunn*. The Court further explained that it is not *per se* a stand-alone cause of action. Rather, "it is instead a legal doctrine under which liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s)." *Id*. at Syl. Pt. 9. In other words, there must be an underlying tort claim for a civil conspiracy claim to exist. *See Croye v. GreenPoint Mortg. Funding, Inc.*, 740 F.Supp.2d 788, 799 (S.D. W. Va. 2010) (stating a conspiracy claim cannot "stand alone without claims for the underlying torts"). In this case, Plaintiff alleges that Defendants conspired together to commit and conceal their tortious acts. As held above, Plaintiff pleads underlying substantive causes of action of assault, battery, and IIED.

Therefore, his civil conspiracy claim survives, and Defendants' motion as to this claim is denied. *See Wood*, 2013 WL 5603243, at *10 (denying Defendants' motion as to civil conspiracy as Plaintiff had pled "at least one substantive claim in addition to the civil conspiracy claim—including the civil battery and assault claims which survive Defendants' Motion to Dismiss").

## IV.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's claim for harassment and his claim of outrageous and atrocious conduct as it is not a separate cause of action from his IIED claim. However, the Court **DENIES** Defendants' motion as to Plaintiff's state law claims of civil battery, civil assault, IIED, and civil conspiracy and his claim under 42 U.S.C. § 1983 and the Fourteenth Amendment.[4] As Plaintiff agrees that the remainder of his claims should be dismissed, the Court **GRANTS** Defendants' motion as to all other claims in the Amended Complaint.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 23, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[4] Defendants did not make any specific argument that the § 1983 and Fourteenth Amendment claims should be dismissed.